Cartter, Ch. J.,
delivered the opinion of the court, to the effect following:
The letter bearing the signature of Charles S. Johnson, assistant secretary, is not a contract made in pursuance of law. The thirty-seventh section of the act organizing a government for the District of Columbia requires that all contracts made by the Board of Public Works shall be in writing and signed by the parties making the same, and a copy is to be filed in the office of the secretary of the District. As to the construction of a contract we give effect to the intention of the parties, but when the statute has prescribed a certain form, it must be followed. In order to render the contract binding in this particular, the law requires it to be in writing and signed by the parties, and without this formality it is not complete. The act contemplated a written instrument filed away in the archives of the board and authenticated by their signatures. There is no such officer provided for as an assistant secretary. His signature is not binding on the District, and Ms letter is no evidence at all of a contract. Besides, this letter simply accepts a proposition to lay any of three Muds of pavements; thus evidently contemplating a contract afterwards to be prepared in form, fixing the kind of pavement to be used when the agreement should be completed. It is to be remembered that the District is sued because the Board of Public Works did not-designate the streets upon which work was to be performed, and not to recover for the value of work performed by the plaintiff’ and accepted by the District; and as the contract by the parties is not executed within the meaning of the statute, we think there is.no cause of action, and the demurrer must be sustained.